IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY DURAN,

    Plaintiff,

    v.

JOHN DOE,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2624-TWT

**OPINION AND ORDER**

This is an insurance settlement dispute. It is before the Court on the Plaintiff Anthony Duran's Motion for Sanctions [Doc. 3] and Motion to Dismiss Movant Allstate Casualty Insurance Company's Counterclaim [Doc. 4], as well as the Movant Allstate's Motion for Default Judgment [Doc. 9] and Motion to Strike the Plaintiff's Answer [Doc. 15]. For the reasons set forth below, the Plaintiff Anthony Duran's Motion for Sanctions [Doc. 3] and the Movant Allstate's Motion for Default Judgment [Doc. 9] are DENIED. The Plaintiff's Motion to Dismiss Movant Allstate Casualty Insurance Company's Counterclaim [Doc. 4] is GRANTED. Allstate's Motion to Strike the Plaintiff's Answer [Doc. 15] is DENIED as moot.

### I.  Background

This action originated in Fulton County State Court. The Plaintiff Anthony Duran filed his Complaint against John Doe, alleging that he was involved in a car accident in September 2022 in Fulton County where the other

driver fled the scene and was never identified. (Notice of Removal, Ex. A ("Complaint") ¶¶ 2-3). The Complaint noted that Allstate was the Plaintiff's uninsured motorist carrier and asserted claims for negligence against John Doe and for uninsured motorist coverage against Allstate. (Compl. ¶¶ 3, 5-13). Allstate removed this action to federal court on June 12, 2023 and filed an Answer on June 20, 2023. The Answer included a counterclaim alleging that the parties had reached a settlement agreement for Allstate to pay out the entirety of the $100,000.00 uninsured motorist policy limits under the Plaintiff's policy, but that the Plaintiff's counsel had refused to provide a W-9 to allow Allstate to issue the payment. (Answer at 7-10). The Plaintiff filed a Motion for Sanctions on July 12, 2023, asserting that Allstate had improperly removed the action to this Court and seeking remand and attorney's fees. [Doc. 3]. On July 25, 2023, the Plaintiff moved to dismiss Allstate's counterclaim. [Doc. 4]. On August 7, 2023, Allstate moved for default judgment as to the Plaintiff, arguing that the Plaintiff had failed to answer the counterclaim and his Motion to Dismiss was not timely filed. [Doc. 9]. The Plaintiff filed an Answer to the counterclaim on September 18, 2023, and Allstate moved to strike the Plaintiff's Answer as untimely on October 10, 2023. [Doc. 15]. The Court will address each pending Motion in turn.

## II. Discussion

### A. Motion for Sanctions

In an action that has been removed to federal court, a district court must remand the case to state court if it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The determination of the court's subject matter jurisdiction is, and must be, the first inquiry in the removal context. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). 28 U.S.C. § 1332(a) provides one jurisdictional hook in removal cases: even absent a federal question, diversity jurisdiction can be invoked on removal if there is complete diversity among the parties and the amount in controversy is more than $75,000. The Court is required to ignore fictitious defendants in conducting the diversity jurisdiction analysis in removal cases. 28 U.S.C. § 1441(b)(1).

The defendant bears the burden of proving that it is entitled to have the case heard in federal court. *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990). The burden on the removing party is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)). In keeping with their limited authority, federal courts "strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013)

(brackets omitted).

Georgia's uninsured motorist statute requires a Plaintiff involved in an accident with an uninsured motorist to initiate a suit for the uninsured motorist benefits of an insurance policy against a John Doe defendant, while also serving a copy of the complaint in the action on the insurance carrier. O.C.G.A. § 33-7-11(d). The insurance company then has the right "to file pleadings and take other action allowable by law in the name of 'John Doe' or itself." *Id.* The Georgia Court of Appeals has noted that answering in its own name results in the insurance company taking on the status of a "named party defendant" to the action. *See Maxwell v. State Farm Mut. Auto. Ins. Co.*, 196 Ga. App. 545, 546 (11th Cir. 1990). "With that status comes the right to contest the liability, . . . [and] with the right to defend there must come the attendant risk of defeat, which would result in a judgment against the insurance carrier in favor of the insured for the amount the insured would be legally entitled to recover from the tortfeasor." *Id.* The sole purpose for requiring the Plaintiff to sue John Doe is to keep the possibility of any insurance coverage a secret from the jury. *See State Farm Mut. Auto. Ins. Co. v. Brown*, 114 Ga. App. 650, 654-655 (1966). To that end, a recent case from this Court construed the insurance carrier's status in these actions to be that of an "unnamed defendant." *See Goolsby v. Farmers Ins.*, 2021 WL 2661547, at *3 (N.D. Ga. June 29, 2021).

4

In his Motion for Sanctions, the Plaintiff essentially argues that Allstate improperly removed this action to federal court both because Allstate is not a true defendant to this action and because under Georgia law, the John Doe defendant is regarded as a citizen of either the county where the accident occurred or the county of the Plaintiff's residence, and therefore the parties are not diverse. (Pl.'s Mot. for Sanctions, at 1-4). He also argues that he is entitled to attorney's fees and costs associated with the removal because Allstate lacked an objectively reasonable basis to remove this action to federal court. (*Id.* at 5-7). In response, Allstate argues that it was considered a defendant to the action under Georgia law and, because it is diverse from the Plaintiff, the removal was proper. (Allstate's Resp. in Opp. to Mot. for Sanctions, at 3-6).

The Court can easily dispense with one of the Plaintiff's arguments: the residency of the John Doe defendant is irrelevant to the removal inquiry. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded."). The second argument—that Allstate is not a defendant to this action—is not as clear-cut, but the Court finds that Allstate was (and is) a defendant to this action. First, the Plaintiff listed Allstate as a defendant on the state court civil cover sheet, and referenced Allstate as a defendant in the Complaint, even though O.C.G.A. § 33-7-11(d) instructs plaintiffs not to name the insurance carrier as a

Case 1:23-cv-02624-TWT   Document 17   Filed 11/02/23   Page 6 of 14

defendant. [Doc. 1-1 at 2-3]. Allstate chose to answer in its own name, which it has a right to do. (Answer at 1); O.C.G.A. § 33-7-11(d). Doing so allowed Allstate to assume the status of a defendant to this action regardless of whether the Plaintiff actually named it as one, and to essentially step into the shoes of the John Doe defendant. *See Maxwell*, 196 Ga. App. at 546. Therefore, Allstate could properly remove this action to federal court as a defendant. *See Goolsby*, 2021 WL 2661547, at *1-3 (finding insurance defendant should continue as an unnamed defendant and noting that it had standing to remove the action).

The Plaintiff has made no argument that the requirements of diversity jurisdiction are not met with Allstate as a defendant, but the burden is on the defendant to demonstrate that removal was proper whenever remand is requested. *Fowler,* 915 F.2d at 617. Allstate has done so here. Allstate is incorporated in Illinois, with its principal place of business there as well. (Notice of Removal at 3). The Plaintiff is a citizen of Georgia. (*Id.* at 2). The Plaintiff is seeking the entirety of his $100,000.00 uninsured motorist policy limits from Allstate, satisfying the amount in controversy requirement. 28 U.S.C. § 1332(a), (c). Accordingly, the Court has diversity jurisdiction over this matter, Allstate properly removed this action, and the Plaintiff's Motion for Sanctions [Doc. 3] should be denied.

### B. Motion for Default Judgment

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Where a plaintiff's claims are not for a sum certain or a sum that can be made certain by computation, the party must apply to the Court for a default judgment once the Clerk has first entered default. Fed. R. Civ. P. 55(a), (b). Entry of default judgment is at the discretion of the district court. *Surtain*, 789 F.3d at 1244; *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Because there is a strong policy in this circuit of determining cases on their merits, default judgments are viewed with disfavor. *Surtain*, 789 F.3d at 1244-45; *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295.

Allstate argues that default judgment is warranted because the Plaintiff's Motion to Dismiss was not timely filed under Fed. R. Civ. P. 12. (Allstate's Mot. for Def. J., at 1-4). In response, the Plaintiff argues only that he overlooked the counterclaim in Allstate's answer and, once learning of it, he filed his Motion to Dismiss three days later. (Pl.'s Resp. in Opp. to Mot. for Def. J., at 2-3).

The Court finds that default judgment is not warranted here. Allstate is correct that the Plaintiff failed to timely file his Motion to Dismiss the counterclaim. *See* Fed. R. Civ. P. 12(b). The Court notes that, notwithstanding

7

the Plaintiff's apparent knowledge that his Motion to Dismiss would not be timely filed, he failed to move for leave to file the motion out of time. *See* Fed. R. Civ. P. 6(b)(1)(B). Moreover, the Plaintiff's argument that he "failed to notice" Allstate's counterclaim in its answer is not entirely persuasive. Nonetheless, with the Eleventh Circuit's strong preference for deciding cases on the merits in mind, the Court will exercise its discretion to excuse the Plaintiff's late filing and deny default judgment. *Surtain*, 789 F.3d at 1244-45; *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. Given the early stages of this litigation, Allstate was not prejudiced by the Plaintiff's error, and the Plaintiff's actions do not appear to have been willful. Accordingly, Allstate's Motion for Default Judgment [Doc. 9] should be denied.

C. **Motion to Dismiss Allstate's Counterclaim**

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A.*

8

*v. Latin Amwi. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

In his motion, the Plaintiff argues that Allstate fails to state its counterclaim because it has not identified any legal obligation or duty requiring the Plaintiff's counsel to provide a W-9 in order to pay out the settlement funds. (Pl.'s Mot. to Dismiss, at 3-6). The Plaintiff also argues that Allstate has failed to comply with the settlement agreement's payment instructions, which called for payment to be made solely to the Plaintiff. (*Id.* at 4-7). The Plaintiff further argues that the settlement agreement did not require his counsel to supply a W-9 as a condition of payment. (*Id.* at 7-8). Finally, the Plaintiff asserts that his counsel is not a party to this action and therefore could not have been "a material participant in [this] dispute," such that his counsel's action could not have constituted a breach of the settlement agreement. (*Id.* at 9-10).

In response, Allstate argues that it has supplied the Court with documentation supporting the existence of the parties' settlement agreement as set forth in the counterclaim, satisfying Fed. R. Civ. P. 8's pleading requirements. (Allstate's Resp. to Mot. to Dismiss, at 4-5). Allstate asserts that the regulation relied upon by the Plaintiff in support of his arguments actually requires the provision of a W-9 and that the Plaintiff's counsel is attempting to circumvent federal tax reporting requirements. (*Id.* at 6-7). Lastly, Allstate argues that it is irrelevant that the Plaintiff's counsel is not himself a party to the settlement agreement because Allstate is, and Allstate is required to report the settlement. (*Id.* at 7-8).

Construing the facts in the counterclaim in the light most favorable to Allstate, the Court finds that Allstate has not properly stated a claim for breach of settlement. First, Allstate is correct that the Motion to Dismiss was untimely filed by nearly two weeks. *See* Fed. R. Civ. P. 12(a)(1)(B), (b). The Plaintiff also neglected to seek leave to file his Motion to Dismiss out of time. *See* Fed. R. Civ. P. 6(b)(1)(B). Although the Court is tempted to deny the Motion to Dismiss on timeliness grounds, the Eleventh Circuit has a strong preference for deciding cases on their merits, especially since the late-filing is owed to the Plaintiff's "innocent oversight rather than bad faith." *Cheney v. Anchor Glass Corp.*, 71 F.3d 848, 850 (11th Cir. 1996); *see also Suber v. Lowes Home Centers, Inc.*, 2013 WL 11328164, at *6 (N.D.Ga. Nov. 29, 2013). The Court cautions the

10

parties that late-filed pleadings are not likely to be accepted going forward.

Second, at this stage, Allstate is only required to give the Plaintiff fair notice of its claim and the grounds upon which it rests in order to satisfy Fed. R. Civ. P. 8, and it has done so here. *See Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555). In the Court's view, the correspondence supplied by Allstate establishes the parties' agreement that Allstate would tender the full $100,000.00 limits of the Plaintiff's Allstate policy for the uninsured motorist benefit.[1] More specifically, the Plaintiff sent a demand letter for $200,000.00, Allstate apparently countered that it was willing to tender $100,000.00, and the Plaintiff accepted that offer, while simultaneously sending over his payment instructions "for [Allstate's] review." (*See* Answer, Ex. 3 at 2 ("I have attached the payment instructions for your review. We accept your offer to tender the limits of $100,000.00); *see also* Answer, Ex. 2). The demand letter stated that payment would need to be "made out to our client and our client only," with the funds to be mailed to the Plaintiff's counsel, but did not address whether or not a W-9 would be required. (Answer, Ex. 2 at 5). For that reason, the Plaintiff's argument that Allstate is "neglect[ing] its

---

[1] Although not argued by either party, the Court is permitted to consider the parties' correspondence in considering the Motion to Dismiss because Allstate attached and referenced the documents in their counterclaim and their contents are not in dispute. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1214 n.1 (11th Cir. 2020).

own non-compliance with the settlement agreement's explicit payment instructions" is misplaced, as the settlement correspondence does not address the W-9 issue and Allstate does not appear to have any qualms about issuing the settlement funds solely in the Plaintiff's name. (*See* Mot. to Dismiss, at 4).

The Plaintiff's argument that 26 C.F.R. § 1.6045-5 does not obligate it to provide a W-9 to Allstate where the settlement check is made out solely to the Plaintiff carries the day, however, and is the reason that Allstate fails to state a claim for breach of settlement. Allstate is correct that, under Georgia law, legal obligations existing at the time a contract is made can be considered written into the contract. *See Hardman v. Hardman*, 295 Ga. 732, 736 (2014). But 26 C.F.R. § 1.6045-5 plainly does not require the Plaintiff's counsel to provide a W-9 if Allstate names the Plaintiff as the sole payee on the check, even if the Plaintiff's counsel is receiving the check. Allstate's contention is that it cannot confirm an exception to the rule applies, but there is no need for an exception when the rule does not apply in the first place. The definitions section of 26 C.F.R. § 1.6045-5 is instructive. Specifically, the definition for "[p]ayments to an attorney" states:

> [T]he attorney is not a payee when the attorney's name is included on the payee line as 'in care of,' such as a check written to 'client c/o attorney,' or if the attorney's name is included on the check in any other manner that does not give the attorney the right to negotiate the check.

12

26 C.F.R. § 1.6045-5(d)(4). Therefore, the Plaintiff's counsel is not a payee under this regulation if Allstate makes the check out solely to the Plaintiff and mails it to the Plaintiff's counsel. Allstate's insistence that the Plaintiff's counsel need not supply a W-9 if he certifies that he is not being paid for his services from the settlement funds also defies the text of the regulation, which clearly states that when reporting is required, it is required whether or not "[a] portion of a payment is kept by the attorney as compensation for legal services rendered." 26 C.F.R. § 1.6045-5(a)(i). So, it is irrelevant whether the Plaintiff's counsel is being paid for his services from the settlement funds. As long as the settlement check is made out solely to the Plaintiff, such that Plaintiff's counsel has no right to negotiate the check, then counsel is not a payee, and Allstate is not required to report the transaction under this regulation. Therefore, the Plaintiff is not in breach of the settlement agreement for his counsel's refusal to provide a W-9 under these circumstances, and Allstate's counterclaim fails. Accordingly, the Plaintiff's Motion to Dismiss Allstate's Counterclaim [Doc. 4] should be granted. However, the Court will give Allstate one opportunity to amend its Answer, if it chooses to do so, in order to state a viable counterclaim against the Plaintiff. *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted).

### D. Motion to Strike

Finally, Allstate has moved to strike the Plaintiff's Answer to its counterclaim as untimely. [Doc. 15]. In light of the Court's ruling on the Plaintiff's Motion to Dismiss, the Court will deny the Motion to Strike as moot, as the Plaintiff's Answer to the counterclaim is no longer operative.

### III. Conclusion

For the reasons set forth above, the Plaintiff Anthony Duran's Motion for Sanctions [Doc. 3] and the Movant Allstate's Motion for Default Judgment [Doc. 9] are DENIED. The Plaintiff's Motion to Dismiss Movant Allstate Casualty Insurance Company's Counterclaim [Doc. 4] is GRANTED. Allstate is directed to file an Amended Answer and Counterclaim to correct the pleading deficiencies identified herein, if it chooses to do so, within 14 days of the date of this Order. Allstate's Motion to Strike the Plaintiff's Answer [Doc. 15] is DENIED as moot.

SO ORDERED, this   2nd   day of November, 2023.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge